1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**O**

**JS-6**

# United States District Court
# Central District of California

SYUZANNA SAMOYLOVA,

    Plaintiff,

  v.

TARGET CORPORATION; DOES 1–25, inclusive,

    Defendants.

Case No. 2:14-cv-09111-ODW(Ex)

**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

   On November 25, 2014, Defendant Target Corporation removed this action from Los Angeles County Superior Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.  But after considering Defendant's Notice of Removal, the Court finds that Defendant has failed to adequately allege the requirements for diversity jurisdiction.  The Court therefore **REMANDS** this case to Los Angeles County Superior Court, case number BC560421.

   Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may only remove a suit filed in state court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But

1   courts strictly construe the removal statute against removal jurisdiction, and federal

2   "jurisdiction must be rejected if there is any doubt as to the right of removal in the

3   first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).   The party

4   seeking removal bears the burden of establishing federal jurisdiction.  *Durham v.*

5   *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d

6   at 566).

7       Federal courts have original jurisdiction where an action presents a federal

8   question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332.

9   To exercise diversity jurisdiction, a federal court must find complete diversity of

10  citizenship among the adverse parties, and the amount in controversy must exceed

11  $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).  For complete-

12  diversity purposes, a natural person's citizenship is "determined by her state of

13  domicile, not her state of residence."  *Kantor v. Warner-Lambert Co.*, 265 F.3d 853,

14  857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943)

15  ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court

16  of the United States is not dependent upon the residence of any of the parties, but

17  upon their citizenship.").

18      In its Notice of Removal, Defendant only alleges that "Plaintiff is a citizen of

19  California."   (Not. of Removal ¶ 6.)   Defendant does not cite any objective facts to

20  establish that Plaintiff is a California citizen, such as "voting registration and voting

21  practices, location of personal and real property, location of brokerage and bank

22  accounts, location of spouse and family, membership in unions and other

23  organizations, place of employment or business, driver's license and automobile

24  registration, and payment of taxes."  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

25  Moreover, the Complaint itself is silent as to Plaintiff's citizenship as it is a form

26  pleading made up of checked boxes.   Mere residence allegations do not suffice to

27  establish citizenship on removal in light of the strong presumption against removal

28  jurisdiction.  *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

1    Left with Defendant's inadequate citizenship allegations, the Court finds that

2 Defendant has not established diversity jurisdiction over this case.   The Court

3 therefore **REMANDS** this case to Los Angeles County Superior Court, case number

4 BC560421.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

5 lacks subject-matter jurisdiction, the court must dismiss the action.").   The Clerk of

6 Court shall close this case.

7    **IT IS SO ORDERED.**

8

9    December 1, 2014

10

11    _____

12    **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**

13

14

15

16

17

18

19

20

21    cc: order, docket, remand letter
22    Los Angeles Superior Court, No. BC560421

23

24

25

26

27

28